UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY HERBERT, INDIVIDUALLY AND ON BEHALF OF THE DECEASED, SCHWANN HERBERT, | Civil Division: 20-00952 <br><br> Civil Action No.: <br> SECT. T MAG. 2 |
| Plaintiff, | |
| VERSUS | JURY TRIAL DEMANDED |
| THE CITY OF NEW ORLEANS, NEW ORLEANS POLICE DEPARTMENT, SUPERINTENDENT SHAUN D. FERGUSON, OFFICER ALEX MIKKELSEN, OFFICER JONATHAN BROOM, OFFICER JEFFREY HERRINGTON, OFFICER ALEX FLORIAN, OFFICER COLBY STEWART, AND OFFICER WILLIAM HERY | |

## COMPLAINT

Plaintiff, Anthony Herbert, individually and on behalf of the deceased, Schwann Herbert, hereby files this Complaint *Pro Se*, and alleges the following:

1.

This matter arises out of the unlawful and unauthorized police pursuit of six (6) New Orleans Police Department officers of suspects not suspected of engaging in a violent crime. As a result of the unlawful and unauthorized high-speed police pursuit, the fleeing vehicle lost control and crashed into a building wherein the deceased, Schwann Herbert, was a patron. The crash caused a fire to ensue which engulfed the building. Ms. Herbert was unable to timely escape and sustained severe and fatal injuries as a result of the fire. She passed away at the hospital a short time after she was removed from the burning building. As will be set forth more fully herein, the pursuing officers engaged in an unlawful and unauthorized pattern of conduct which was known to their superiors who failed to prevent such actions from occurring. As a direct and proximate result of the

Defendants' actions and/or inactions, Ms. Herbert received her fatal injuries.

## JURISDICTION & VENUE

2.

This action is commenced pursuant to 42 U.S.C. §1983 and §1988, and the Fourth and Fourteenth Amendment to the United States Constitution. This Honorable Court has jurisdiction over Plaintiff's claims under 28 U.S.C. §1331 (Federal Question) and 28 U.S.C. §1343(3) (Civil Rights). This Honorable Court also has jurisdiction over Plaintiff's Supplemental State-Law Claims under 28 U.S.C. §1367 (Supplemental Jurisdiction) as those claims from a part of the same case or controversy under Article III of the United States Constitution.

3.

Plaintiff invokes the Supplemental Jurisdiction of this Honorable Court to hear and decide all applicable claims arising under state law.

4.

Venue is proper as all claims set forth herein arose in the Eastern District of Louisiana and Plaintiff is a resident of this District. Venue is found pursuant to 28 U.S.C. §1391(b).

## PARTIES

A. Plaintiff, Anthony Herbert, is a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana. Plaintiff is the son of the deceased, Schwann Herbert, and has standing to bring this action pursuant to Louisiana Civil Code articles 2315.1(1) and 2315.2(1).

B. The Defendant, The City of New Orleans (hereinafter referred to as the "City"), is a municipal body located in the Parish of Orleans, State of Louisiana, who can be served through Latoya Cantrell, Mayor, at New Orleans City Hall, 1300 Perdido Street, New

Orleans, Louisiana. The City is a political subdivision of the State of Louisiana, for which Defendant Officers named herein serve or served as police officers and Defendant Superintendent Ferguson serves as Superintendent of Police. The City has established and/or delegated Defendant Superintendent Ferguson and the NOPD the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by the City regarding police pursuits.

C. The Defendant, New Orleans Police Department ("NOPD"), is a political subdivision of the City of New Orleans located in the Parish of Orleans, who can be served through its Superintendent Shaun D. Ferguson at the NOPD headquarters located at 715 South Broad Street, New Orleans, Louisiana 70119.

D. The Defendant, Shaun D. Ferguson, is a citizen and resident of Orleans Parish, Louisiana, and was at all times material to the allegations in this Complaint, employed as the Police Superintendent of the NOPD and is responsible for the supervision and training of the Defendant Officers. Defendant Superintendent Ferguson, as Police Superintendent, is further responsible for making and/or implementing polices, practices, and procedures used by law enforcement officers employed by the City regarding police pursuits. Superintendent Ferguson can be served at the NOPD headquarters located at 715 South Broad Street, New Orleans, Louisiana 70119.

E. The Defendant, Alex Mikkelsen, upon information and belief, is a citizen and resident of Orleans Parish, Louisiana, and was at all times material to the allegations in this Complaint, acting in his capacity as a NOPD Officer employed by the City and was acting under color of state law. Defendant Mikkelsen can be served through Defendant Superintendent Ferguson, at the NOPD headquarters located at 715 South Broad Street,

New Orleans, Louisiana 70119. (All Defendant officers of the NOPD named herein will collectively be referred to as "Defendant Officers").

F. The Defendant, Jonathan Broom, upon information and belief, is a citizen and resident of Orleans Parish, Louisiana, and was at all times material to the allegations in this Complaint, acting in his capacity as a NOPD Officer employed by the City and was acting under color of state law. Defendant Mikkelsen can be served through Defendant Superintendent Ferguson, at the NOPD headquarters located at 715 South Broad Street, New Orleans, Louisiana 70119. (All Defendant officers of the NOPD named herein will collectively be referred to as "Defendant Officers").

G. The Defendant, Jeffrey Herrington, upon information and belief, is a citizen and resident of Orleans Parish, Louisiana, and was at all times material to the allegations in this Complaint, acting in his capacity as a NOPD Officer employed by the City and was acting under color of state law. Defendant Mikkelsen can be served through Defendant Superintendent Ferguson, at the NOPD headquarters located at 715 South Broad Street, New Orleans, Louisiana 70119. (All Defendant officers of the NOPD named herein will collectively be referred to as "Defendant Officers").

H. The Defendant, Alex Florian, upon information and belief, is a citizen and resident of Orleans Parish, Louisiana, and was at all times material to the allegations in this Complaint, acting in his capacity as a NOPD Officer employed by the City and was acting under color of state law. Defendant Mikkelsen can be served through Defendant Superintendent Ferguson, at the NOPD headquarters located at 715 South Broad Street, New Orleans, Louisiana 70119. (All Defendant officers of the NOPD named herein will collectively be referred to as "Defendant Officers").

I. The Defendant, Colby Stewart, upon information and belief, is a citizen and resident of Orleans Parish, Louisiana, and was at all times material to the allegations in this Complaint, acting in his capacity as a NOPD Officer employed by the City and was acting under color of state law. Defendant Mikkelsen can be served through Defendant Superintendent Ferguson, at the NOPD headquarters located at 715 South Broad Street, New Orleans, Louisiana 70119. (All Defendant officers of the NOPD named herein will collectively be referred to as "Defendant Officers").

J. The Defendant, William Hery, upon information and belief, is a citizen and resident of Orleans Parish, Louisiana, and was at all times material to the allegations in this Complaint, acting in his capacity as a NOPD Officer employed by the City and was acting under color of state law. Defendant Mikkelsen can be served through Defendant Superintendent Ferguson, at the NOPD headquarters located at 715 South Broad Street, New Orleans, Louisiana 70119. (All Defendant officers of the NOPD named herein will collectively be referred to as "Defendant Officers").

## FACTUAL BACKGROUND

5.

On March 20, 2019, NOPD 6th District Task Force Officers, the Defendant Officers, attempted to conduct a traffic stop on a vehicle believed to be stolen. The vehicle did not stop as directed, and instead accelerated away from the Defendant Officers. The Defendant Officers thereafter pursued the fleeing vehicle and engaged in a high-speed pursuit.

6.

During the high-speed police pursuit, the fleeing vehicle lost control and crashed into the Unity I Beauty Supply & Hair Salon located at 4125 Washington Avenue, New Orleans, Louisiana

70125 (hereinafter referred to as the "Unity I Salon"). The crash into the Unity I Salon ignited a fire, engulfing the entirety of the building in flames.

7.

Plaintiff's mother, Schwann Herbert, was a patron at the Unity I Salon when the crash occurred, and the building caught on fire. Unfortunately, Ms. Herbert was unable to escape the building before sustaining severe and fatal injuries. Ms. Herbert later died from these injuries.

8.

Following this fatal incident, the NOPD's Public Integrity Bureau opened a formal investigation into whether this police pursuit violated NOPD's Vehicle Pursuit Policy (the "Pursuit Policy"). NOPD's Pursuit Policy, attached hereto as Exhibit 1, provides that officers may engage in a police pursuit only when they have a reasonable suspicion that a fleeing vehicle has committed or has attempted to commit a crime of violence.

9.

Specifically, Section 9 of the Pursuit Policy provides as follows:

9 – WHEN A PURSUIT MAY BE INITIATED

Upon express supervisory approval, officers are authorized to initiate a pursuit **ONLY** when:

  (a) An officer can articulate a suspect is attempting to evade arrest or detention for a **crime of violence** as defined by this Chapter;
  (b) The escape of the subject would pose an imminent danger of death or serious bodily injury to the officer or to another person; and
  (c) The suspect is fleeing in a vehicle after having been given a signal to stop by a commissioned member who has identified themselves as a police officer (e.g., in uniform, in a marked police unit, showing badge and ID. – see: definition of Professional Presence **Chapter 1.3 – Use of Force**).

10.

After the investigation was concluded, it was determined that a total of six (6) officers engaged in the pursuit in violation of the NOPD's Pursuit Policy.

11.

It was determined that, *inter alia*: (1) the Defendant Officers engaged in the pursuit, despite the suspects not being suspected of a violent crime; (2) the Defendant Officers turned off their video surveillance cameras so no video evidence of the pursuit could be reviewed; and (3) the Defendant Officers lied about stopping their pursuit prior to the fatal crash.

12.

As a result of this investigation, four (4) Officers were terminated and two (2) officers were suspended without pay. The Officers that were fired include: Officer Alex Mikkelsen; Officer Jonathan Broom; Officer Jeffrey Herrington; and Officer Alex Florian. Officer Colby Stewart, a veteran with more than nine (9) years on the force, received an unpaid 44-day suspension. Likewise, Officer William Hery, an officer with three (3) years on the force, received an unpaid 54-day suspension.

13.

This improper pursuit incident was not the first incident wherein at least some of the officers involved engaged in a pattern of similar conduct. For instance, Officer Colby Stewart received a letter of reprimand in August 2016 after investigators concluded he had failed to record his response to several 911 calls the year before.

14.

In fact, Superintendent Ferguson has said that internal investigators uncovered a pattern of officers deactivating their cameras during chases in the weeks before the March 20, 2019 pursuit.

15.

The Officers engaged in this pattern of conduct in an effort to prevent their superiors from discovering pursuits that may have violated the NOPD's Pursuit Policy.

16.

Stella Cziment, the City's deputy independent policy monitor, even stated that she found it "more concerning" that several unauthorized and unrecorded pursuits occurred in the weeks preceding the March 20, 2019 pursuit.

17.

The Defendant Officers' pattern and practice of engaging in unauthorized and unrecorded police pursuits was known to Superintendent Ferguson and the NOPD, yet they failed to take corrective actions to prevent these actions from occurring. Their inaction amounts to a deliberate indifference.

18.

The Defendant Officers' behavior herein and the unauthorized pursuit is the type of conduct which is intended to harm and that which shocks the conscience. If the Defendant Officers would not have engaged in their pattern and practice of unauthorized police pursuits, without repercussions for same, then the crash would not have occurred and the decedent, Schwann Herbert, would still be alive.

## CAUSES OF ACTION

### COUNT I
### SUBSTANTIVE DUE PROCESS VIOLATIONS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS PURSUANT TO 42 U.S.C §1983
(Defendants NOPD, Superintendent Ferguson, and Officers)

19.

Plaintiff hereby incorporates paragraphs 1-19 of this Complaint as if fully set forth herein.

20.

42 U.S.C. § provides that:

> Every person, who under the color of any statute, ordinance, regulation, custom or usage of any state or territory of the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to that party injured in an action at law, a suit in equity or, other appropriate proceeding for redress…

21.

Plaintiff is a citizen of the United States and Defendant Officers are persons under 42 U.S.C. §1983 and acted under the color of state law.

22.

The deceased, Schwann Herbert, had clearly established constitutional rights under the Fourteenth Amendment to bodily integrity and be free from injury by law enforcement with due process.

23.

Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

24.

Defendant Officers' actions in instituting and carrying on an unreasonably dangerous high speed pursuit in contravention of governing municipal policies, as described above, were objectively unreasonable in light of the facts and circumstances confronting them and, thus, violated the Fourth and Fourteenth Amendment rights of the deceased, Schwann Herbert.

25.

Defendant Officers' superiors, including, but not limited to, Superintendent Ferguson,

actions in permitting the pursuit to continue in clear violation of the NOPD Pursuit Policy were objectively unreasonable in light of the facts and circumstances confronting them and, thus, violated the Fourth and Fourteenth Amendment rights of the deceased, Schwann Herbert.

26.

Defendant Officers' conduct shocks the conscious and amounted to reckless, callous, and deliberate indifference to Schwann Herbert's federally protected rights.

27.

Defendant Officers initiated and carried on a dangerous pursuit at high speeds and without regard to the safety of the public and did so without reasons to believe that the suspects had committed a violent crime.

28.

Defendant Officers further violated NOPD policy by turning off their cameras so that the improper pursuit could not be recorded and used against them.

29.

Defendant Officers also failed to terminate the high-speed pursuit when it was immediately evident, or should have been immediately evident to them, that the risks of life and property far outweighed the benefit derived from the immediate apprehension or continued pursuit of the suspect's vehicle.

30.

Defendant Officers' actions amount to a shocking and willful indifference to Schwann Herbert's rights.

31.

Defendant Officers, after sufficient time for deliberation and in violation of established

policy, knowingly operated their vehicles at excessively high rates of speed, in essence compelling the fleeing suspects to travel erratically and at dangerously high speeds, causing them to eventually lose control of their vehicle and violently crash into the Unity I Salon, igniting a fire.

32.

Defendant Officers' conduct constitutes a malicious abuse of authority unmotivated by a legitimate governmental interest, in that their collective actions did nothing to thwart or stop a vehicle pursuit and instead, because of their aggressive and unreasonable conduct, they created the only scenario by which the chase could conclude: a violent collision on a high traffic road. Thus, because of their actions, the potential for serious harm to an innocent bystander was not only foreseeable, it was assured.

33.

As a proximate result of Defendant Officers' conduct, Schwann Herbert suffered fatal injuries, entitling the Plaintiff herein, her son, to damages, in amounts to be determined at trial.

34.

In addition to compensatory and special damages, Plaintiff is entitled to punitive damages against Defendants under 42 U.S.C. §1983, in that the actions of Defendant Officers were taken willfully with reckless or wanton disregard of the constitutional rights of Schwann Herbert.

## COUNT II
## FAILURE TO TRAIN PURSUANT TO 42 U.S.C. §1983
### (Defendants NOPD and Superintendent Ferguson)

35.

Plaintiff hereby incorporates paragraphs 1-35 of this Complaint as if fully set forth herein.

36.

42 U.S.C. § provides that:

> Every person, who under the color of any statute, ordinance, regulation, custom or usage of any state or territory of the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to that party injured in an action at law, a suit in equity or, other appropriate proceeding for redress...

37.

Plaintiff is a citizen of the United States and Defendant Officers are persons under 42 U.S.C. §1983 and acted under the color of state law.

38.

Based on the clear language of the NOPD Pursuit Policy, the Defendant Officers should not have pursued the fleeing vehicle because it was not suspected of a violent crime.

39.

Defendant Officers failure to follow and strictly adhere to the NOPD Pursuit Policy resulted from inadequate training.

40.

Further, the conduct of the Defendant Officers in failing to adhere to department policy evidences the need for more and/or different training was so obvious and so likely to lead to the violation of Ms. Herbert's constitutional rights such that the policy maker's failure to do so amounts to deliberate indifference.

41.

Finally, a pattern and practice existed of NOPD officers ignoring the Pursuit Policy by turning off their video surveillance and pursuing suspects at high speeds, even when those suspects

were not suspected of engaging in a violent crime. NOPD and Superintendent Ferguson knew of this pattern and practice, yet did nothing to prevent it or train officers to abide by the Pursuit Policy. NOPD and Superintendent Ferguson's inaction lead to the violation of Ms. Herbert's constitutional rights such that the policy maker's failure to train and enforce policy amounts to deliberate indifference.

## COUNT III
## STATE LAW NEGLIGENCE
**(Defendants City, NOPD, Superintendent Ferguson and Officers)**

42.

Plaintiff hereby incorporates paragraphs 1-42 of this Complaint as if fully set forth herein.

43.

In addition to the allegations of deliberate, willful and intentional conduct, Plaintiff alternatively pleads that Defendants also acted negligently.

44.

Defendant NOPD had articulated policies that expressly required the Defendant Officers not to pursue a fleeing suspect unless that suspect was suspected of committing a violent crime. Further, NOPD had articulated policies that expressly required the Defendant Officers to terminate unreasonably dangerous pursuits such as the pursuit outlined in this Complaint. Defendant Officers had a duty to adhere to their policies and not pursue, or terminate the pursuit once initiated.

45.

Defendants collectively breached that duty.

46.

Defendant Officers were negligent by breaching the duty to follow and strictly adhere to the NOPD Pursuit Policy in the following, non-exclusive, particulars:

a. Initiating a pursuit of a suspect's vehicle who was not believed to have committed a violent crime;

b. Initiating and maintaining an unreasonably high-speed motor vehicle pursuit;

c. Failing to terminate the subject pursuit;

d. Permitting the subject pursuit to continue;

e. Failing to follow or adhere to pursuit policies or practices by not abandoning or terminating the pursuit;

f. Operating an emergency motor vehicle at an unreasonably high rate, in excess of the posted speed limits on all relevant roadways, through residential and commercial areas;

g. Creating a clear, substantial and unreasonable danger of harm to the public, including Schwann Herbert, an innocent bystander, by conducting a high speed pursuit in a residential and commercial area where it is reasonably foreseeable that na innocent bystander, such as Schwann Herbert, would be seriously or critically injured by a fleeing driver; and

h. Turing off video surveillance so as destroy evidence of this unauthorized pursuit.

47.

Defendant Officers' collective negligence in failing to adhere to pursuit policies requiring them to abandon the pursuit was a substantial factor in causing Schwann Herbert's injuries.

48.

Defendant NOPD and Superintendent Ferguson were negligent in their training, supervision and retention of the Defendant Officers. There was a known practice of NOPD officers engaging in unauthorized police pursuits in violation of the NOPD Pursuit Policy, and NOPD and Superintendent Ferguson permitted this pattern of violating these procedures to continue. Defendant NOPD and Superintendent Ferguson's negligence in not enforcing the Pursuit Policy and permitting officers of perpetually engage in this violative behavior was a substantial factor in causing Schwann

Herbert's injuries and ultimate death.

## COUNT IV
## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY
(Defendants NOPD, Superintendent Ferguson and the City)

49.

Plaintiff hereby incorporates paragraphs 1-49 of this Complaint as if fully set forth herein.

50.

At all times relevant herein, Defendant Officers were acting or failing to act in their capacity and/or in the scope of their employment as an agent, servant or employee, and engaging in the furtherance of the business of, the NOPD, Superintendent Ferguson and the City.

51.

As a direct and proximate result of the above-described negligent acts and omissions of the NOPD, Superintendent Ferguson, and the City, acting by and through the Defendant Officers, Schwann Herbert sustained and suffered the fatal injuries which are set forth hereinabove.

## INJURY/DAMAGES

52.

Plaintiff hereby incorporates paragraphs 1-52 of this Complaint as if fully set forth herein.

53.

Plaintiff, Anthony Herbert, avers that he is entitled to recover for the pre-death suffering of his mother, Schwann Herbert, pursuant to Louisiana Civil Code Article 2315.1(1).

54.

Plaintiff, Anthony Herbert, may recover for the following damages sustained by his deceased mother, Schwann Herbert, pursuant to Louisiana Civil Code Article 2315.1(1):

    a) Schwann Herbert's pre-death conscious pain and suffering;

b) Schwann Herbert's pre-death mental anguish; and

c) Schwann Herbert's fear of impending death.

55.

Plaintiff, Anthony Herbert, further avers that he is entitled to recover for the wrongful death of his mother, Schwann Herbert, pursuant to Louisiana Civil Code Article 2315.2(1).

56.

Plaintiff, Anthony Herbert, sustained the following damages as a result of the wrongful death of his mother, Schwann Herbert:

a) Schwann Herbert's pre-death conscious pain and suffering;

b) Schwann Herbert's pre-death mental anguish;

c) Loss of love, affection, and companionship;

d) Mental anguish, grief, and trauma, past, present and future;

e) Loss of society and consortium;

f) Loss of services;

g) Loss of support; and

h) Any other damages which may be established.

57.

Additionally, Plaintiff avers that he is entitled to the following damages from Defendants:

a) Compensatory and special damages;

b) Attorney's fees pursuant to 42 U.S.C. §1988;

c) Punitive damages pursuant to 42. U.S.C. §1983;

d) Any and all equitable relief as deemed appropriate by this Court.

## DEMAND FOR JURY TRIAL

58.

Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff, Anthony Herbert, demands judgment in his favor and against Defendants in an amount in excess of $75,000.00, plus interest, cost of suit, reasonable attorneys fees, punitive damages, and any other relief to which he is entitled and that this Court deems just and proper.

Respectfully Submitted:

/s/ Anthony Herbert
Anthony Herbert, Plaintiff *Pro Se*

*Mailing and service information may be sent to the following address*:

One Galleria Blvd.
Suite 1100
Metairie, Louisiana 70001
Telephone: (504) 833-5600
Facsimile: (504) 833-8080